IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY T. GILMORE,**

    **Plaintiff,**

    **v.**

**L.D. DRILLING, INC., and
MARK DAVIS,**

    **Defendants.**

Case No. 16-2416-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Jeffrey Gilmore alleges both federal and state law claims against Defendants L.D. Drilling, Inc. and Mark Davis, including that he was not paid for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Before the Court is the parties' Joint Motion to Approve Settlement of Plaintiff's FLSA Claims (Doc. 19). In their motion, the parties ask this Court to approve the settlement of Plaintiff's FLSA claim as stated in Count I of Plaintiff's Complaint.[1] For the reasons state below, the Court grants the parties' motion for approval of settlement.

**I.    Background**

Plaintiff filed this action on June 13, 2016, under § 216(b) of the FLSA. On September 16, 2016, Defendant L.D. Drilling submitted an Offer of Judgment to Plaintiff pursuant to Fed. R. Civ. P. 68 in the amount of $40,000, plus reasonable attorney fees and costs. The parties have settled the claim and are now asking this Court to approve the settlement as to the FLSA claim, as required under the Act.

---

[1] Count II, Plaintiff's state law defamation claim, remains pending.

**II.     Discussion**

A settlement of claims under the FLSA must be presented to the Court for review and a determination of whether the settlement is fair and reasonable.[2] In order to approve the settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness."[3] And the settlement agreement must contain an award of reasonable attorneys' fees.[4]

**A.     Bona Fide Dispute**

The settlement of the instant action involves a bona fide dispute. The nature of the dispute is whether Plaintiff was a non-exempt employee, whether he should be paid overtime using a fluctuating-work-week formula, and whether he is entitled to liquidated damages. Plaintiff contends that his agreement with Defendants was that he would be paid $60,000 a year to work forty hours per week, and claims that he was not properly compensated for all hours worked as he was routinely required to work an average of fifty to sixty hours per week. Defendants dispute this allegation and contend that Plaintiff was an exempt employee who was compensated by a salary instead of wages. Plaintiff estimated that he worked approximately 1500 to 1800 hours of overtime for the last three years of his employment. Defendant L.D. Drilling estimated Plaintiff worked approximately 1621.1 hours of overtime in the past three years preceding this lawsuit. Based on this figure, Plaintiff calculated his total uncompensated time at $72,954, plus liquidated damages, for a total of $145,908. Defendant calculated Plaintiff's overtime based upon a fluctuating-work-week for a total of $19,704.45 for unpaid

---

[2] *See, e.g.*, *Peterson v. Mortgage Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[3] *Id.* (citations omitted).

[4] *Id.*; *see* 29 U.S.C. § 216(b).

overtime, with no liquidated damages. Defendant offered to settle Plaintiff's FLSA claims only for a total of $40,000, plus attorney's fees and costs, which Plaintiff accepted. These disputes are set forth in the parties' joint motion in support of settlement approval and Plaintiff's Complaint. The Court finds that these issues present a bona fide dispute.

### B. Fair and Reasonable

The Court has reviewed the parties' settlement agreement and finds that the settlement proposed by the parties is fair and reasonable.[5] This case involves serious questions of fact and law, which make the outcome of continued litigation uncertain. Moreover, the Court finds that the Settlement was honestly and fairly negotiated, arose from arms-length negotiations between the parties' attorneys, and the terms of the Settlement are reasonable and fair. As noted, Defendant submitted to Plaintiff a Rule 68 Offer of Judgment, which is designed to encourage and induce settlement by requiring that a plaintiff who rejects an offer of judgment to pay Defendant's costs should Plaintiff not recover an amount in excess of the Offer of Judgment, and Plaintiff's recovery could be offset by the costs shifted by Rule 68.[6]

### C. Attorneys' Fees

The parties have agreed that attorneys' fees and expenses in the amount of $21,375.00 is a reasonable attorney fee related to his claim under the FLSA only. This negotiated amount reduces counsels' effective blended hourly rate from $250 per hour to $206, or alternatively, reduces the hours at $250 by 18.4 hours for a total of 85.5  In their motion, the parties set forth the factors Kansas courts use to determine the reasonableness of attorney fee requests,[7] which are

---

[5]Doc. 19, Ex. A.

[6]Fed. R. Civ. P. 68(d).

[7]Kan. S. Ct. Rule 226, KRPC 1.5(a); *see Johnson v. Westhoff Sand Co., Inc.*, 135 P.3d 1127, 1135 (Kan. 2006).

in line with the factors announced in *Johnson v. Georgia Highway Express, Inc.*,[8] that are often applied to fee requests on federal claims.  For substantially the same reasons set forth in the parties' joint motion, which is supported by the billing records and counsels' affidavits,[9] the Court finds that $21,375.00 is reasonable.  The Court also approves Plaintiff's costs in the amount of $430.00.

      **IT IS THEREFORE ORDERED BY THE COURT** that the Parties' Joint Motion to Approve Settlement (Doc. 19) is **granted**.  The parties shall submit a Joint Stipulation of dismissal of Plaintiff's FLSA claim as set forth in Count I.

      **IT IS SO ORDERED.**

      <u>Dated: November 22, 2016</u>

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE

---

[8] 488 F.2d 714 (5th Cir. 1974).

[9] Doc. 19, Exs. B, C, E.