IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY T. GILMORE, )
)
                      Plaintiff, )
)
v. ) Case No. 16-cv-2416-JAR-TJJ
)
L.D. DRILLING, INC., et al., )
)
                      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Gilmore's Motion for Leave to File Second Amended Complaint (ECF No. 36). Defendants oppose the motion. For the reasons set forth below, the Court will grant Plaintiff's motion.

### Background Information

Plaintiff filed this action against Defendants L.D. Drilling, Inc. and Mark Davis, alleging a violation of the Fair Labor Standards Act (FLSA) in Count I and defamation in Count II. During the initial Scheduling Conference, Plaintiff's counsel advised the Court that he had filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant L.D. Drilling, Inc. alleging age and disability discrimination, but had not yet received a notice of right to sue from the EEOC. Upon receiving the notice, Plaintiff's counsel intended to amend the complaint. When the Scheduling Order deadline to amend pleadings was fast approaching and counsel had not received a notice of right to sue, he contacted the EEOC and learned the notice would likely issue within 30 days. Plaintiff then sought and the Court granted an extension of the deadline to amend pleadings to December 19, 2016.[1] Before the new

---
[1] ECF Nos. 17 (Plaintiff Gilmore's Unopposed Motion for Extension of Time to File Amended Complaint) and 18 (order granting motion).

1

deadline, however, the parties reached agreement to settle Plaintiff's FLSA claim,[2] District Judge Julie A. Robinson approved the settlement,[3] and Plaintiff voluntarily dismissed Count I of the complaint.[4] On December 19, 2016, Plaintiff timely filed his motion to amend his complaint to add counts alleging age and disability discrimination.[5] The undersigned Magistrate Judge granted the unopposed motion,[6] and on December 20 Plaintiff filed his First Amended Complaint.[7]

The undersigned Magistrate Judge held a Status Conference with the parties on January 5, 2017, and after discussing the changes in the case, entered an Amended Scheduling Order which includes a January 20, 2017 deadline to amend pleadings or add parties.[8] Plaintiff represents that at the time of the Status Conference, he had no reason to believe further amendment would be necessary.[9] Since then, however, Plaintiff has obtained evidence through discovery which he believes supports adding two Defendants (Rashell Patten and Susan Schneweis) to his defamation claim, and his proposed Second Amended Complaint includes those individuals in what is now Count III.

Defendants jointly oppose the motion on the basis of futility. Defendants argue the alleged defamatory statements Plaintiff identifies are absolutely privileged under Kansas law and

---

[2] ECF No. 19 (The Parties' Joint Motion to Approve Settlement of Plaintiff's FLSA Claims).

[3] ECF No. 20 (Memorandum and Order granting joint motion to approve settlement).

[4] ECF No. 22 (Plaintiff Gilmore's Voluntary Dismissal With Prejudice of Count I of his Complaint). The parties later filed a Stipulation of Voluntary Dismissal With Prejudice of Count I of Plaintiff's Original Complaint (ECF No. 26).

[5] ECF No. 23.

[6] ECF No. 24.

[7] ECF No. 25.

[8] ECF No. 29.

[9] ECF No. 36 at 2.

cannot form the basis of a defamation claim, and that the proposed amended complaint fails to include facts showing a plausible claim for damages.

**Standard for Ruling on a Motion to Amend**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course within 21 days after serving it or before a responsive pleading is served.[10] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[11] The court should "freely give leave [to amend] when justice so requires,"[12] and the Supreme Court has emphasized that "this mandate is to be heeded."[13] A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment.[14] A proposed amendment is futile if the amended complaint would be subject to dismissal.[15] The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[16]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[17]

---

[10] Fed. R. Civ. P. 15(a)(1).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Id.*

[13] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[14] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

[15] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[16] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation omitted).

[17] Fed. R. Civ. P. 16(b)(4). In addition, the Scheduling Order in this case states that the schedule "will not be modified except by leave of court upon a showing of good cause." ECF No. 20 at 12.

The Court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[18] In other words, the Court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[19]

To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted with due diligence.[20] The lack of prejudice to the nonmovant does not show good cause.[21] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[22]

**Analysis**

The Court begins by examining whether Plaintiff has met the good cause burden to amend the Scheduling Order in this case.

    **A.    Rule 16(b)(4)**

Plaintiff asserts good cause exists to allow his untimely motion because he did not learn of the information which gives rise to allegations of defamation against additional parties until March 14, 2017, when Defendants served their responses to Plaintiff's discovery requests. According to

---

[18] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[19] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007 (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[20] *Id.* at *5.

[21] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[22] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

Plaintiff, before he received the discovery responses he believed the allegedly defamatory statements were attributable only to L.D. Drilling and Mark Davis. Defendants do not dispute the facts Plaintiff sets forth regarding timing, nor do they contest Plaintiff's showing of good cause. The Court finds Plaintiff has shown good cause for seeking to amend his complaint after the Scheduling Order deadline to do so expired, and now turns to analysis of the more lenient Rule 15(a) standard.

B.  Rule 15(a)

Defendants argue that Plaintiff's allegations are based on statements "made in the process of L.D. Drilling's response to Gilmore's unemployment claim."[23] Defendants contend the statements are categorically absolutely privileged because they were made in a quasi-judicial proceeding. Defendants rely on *Clear Water Truck Company v. M. Bruenger & Company*, 519 P. 2d 682, 686 (Kan. 1974), in support of their argument. Plaintiff contends absolute privilege does not apply because the subject matter of the statements is not relevant to an unemployment benefits claim proceeding before the Kansas Department of Labor. Plaintiff further argues that Ms. Patten and Susan Schneweis likely made similar statements about him outside of the unemployment claim process, thereby stripping the statements of any potential privilege.

Absolute privilege attaches to administrative proceedings just as to judicial proceedings.[24] However, as the Kansas Supreme Court held in *Clear Water*, "[i]n this jurisdiction, if a statement or communication, given in the course of a judicial proceeding, is relevant to the issue involved therein it is privileged whether it be the testimony of a party or an affidavit filed in the

---

[23] ECF No. 39 at 4.

[24] *Clear Water Truck Co., Inc. v. M. Bruenger & Co., Inc.*, 519 P.2d at 685 ("In addition to regular judicial proceedings, an absolute privilege attaches also to administrative proceedings which are quasi-judicial in nature.") (quoting William L. Prosser, *Law of Torts* 86(4th ed. 1971).

5

proceedings."[25] The Court must therefore examine whether the three allegedly defamatory statements are relevant to the Department of Labor's determination regarding Plaintiff's unemployment benefits claim. The statements are as follows: (1) Plaintiff had been drinking on the job; (2) Plaintiff would lose his commercial driving license because he refused to take diabetic medication; and (3) Plaintiff was "close to being a diabetic – couldn't do duty." Plaintiff alleges Ms. Patten made the first two statements to Ms. Schneweis, who in turn made the third statement to the Kansas Department of Labor.[26]

Defendants do not discuss the relevance of the statements, but instead summarily state that absolute privilege applies because the statements were made in connection with L.D. Drilling's response to Plaintiff's unemployment claim. Plaintiff argues the point in more detail, noting that in the Notice of Determination awarding him unemployment insurance benefits, the Kansas Department of Labor found "[t]he evidence is insufficient to establish the claimant's conduct was a violation of a duty or obligation reasonably owed the employer as a condition of employment."[27] The Department concluded the statutory disqualification for an employee who has been discharged or suspended for misconduct connected with the individual's work does not apply because "misconduct has not been established."[28] L.D. Drilling initially appealed the decision but withdrew its appeal.[29]

---

[25] *Clear Water*, 519 P.2d at 685.

[26] Plaintiff's proposed Second Amended Complaint (ECF No. 36-1) ¶¶ 63-65.

[27] ECF No. 37-2 at 1.

[28] *Id.* *See* K.S.A. 44-704(b) (unemployment benefits applicant disqualified for misconduct, defined as "a violation of a duty or obligation reasonably owed the employer as a condition of employment including, but not limited to, a violation of a company rule, including a safety rule, . . . [and] violation of the employer's reasonable attendance expectations").

[29] ECF No. 37-2 at 4. In its position statement to the EEOC in connection with Plaintiff's charge of discrimination, L.D. Drilling erroneously reported that (1) "Mr. Gilmore appealed the denial of unemployment benefits" (when in fact the Department approved the application), (2) "Mr. Gilmore appealed the denial of unemployment benefits" (L.D.

The Court is not persuaded that the Department of Labor's findings render the allegedly defamatory statements irrelevant to a decision on unemployment benefits. It is possible the statements were *relevant* but the Department did not find them *credible*, meaning the basis for the decision was that L.D. Drilling did not meet its burden of proof regarding misconduct. But in its discovery responses in this case, L.D. Drilling disavows the statements that Plaintiff was "close to being diabetic" and "couldn't do [his] duty," labeling those statements "inaccurate."[30] The Court finds this retraction dispositive; regardless of the subject matter, the Court will not allow admittedly false statements the protection of absolute immunity. As Plaintiff points out, the purpose of absolute privilege is for the promotion of the public welfare.[31] Granting immunity to statements later retracted as inaccurate would not promote the public welfare.

Moreover, Plaintiff states he has cause to believe that Ms. Schneweis and Ms. Patten made similar statements about him to other people, which also caused damage. The proposed Second Amended Complaint alleges on information and belief that Ms. Schneweis, Ms. Patten and others published comments to "third parties" explicitly stating or otherwise implying that Plaintiff had consumed alcohol while at work.[32] This allegation does not limit the recipient to the Kansas Department of Labor. The Court finds that Plaintiff is entitled to assert a defamation claim against Ms. Schneweis and Ms. Patten and to conduct discovery on facts related to the elements of

---

Drilling actually appealed the award), and (3) "L.D. Drilling decided not to oppose his appeal" (instead, the company withdrew its appeal).

[30] Defendant L.D. Drilling, Inc.'s Response to Plaintiff Jeffrey T. Gilmore's First Request for Production of Documents to Defendant L.D. Drilling, Inc. (ECF No. 37-3) at 2. The RFP asked about those statements only, and did not include any reference to drinking on the job. But because L.D. Drilling responded that Susan Schneweis's inaccurate statement was based on a conversation she had with Rashell Patten, the Court is inclined to view all three statements similarly.

[31] *Polson v. Davis*, 635 F. Supp. 1130, 1147-48 (D. Kan. 1986) (Absolute privilege serves its purpose "in cases where the public service or the administration of justice requires complete immunity, as in legislative, executive, or judicial proceedings, the occasion for the immunity being not so much for those engaged as for the promotion of the public welfare.").

[32] ECF No. 36-1 at 9-10.

defamation. The statements which form the basis of Plaintiff's proposed Second Amended Complaint are not protected by an absolute privilege, and Plaintiff is entitled to include them in his pleading.

      **C.    Notice Pleading Burden**

Defendants also argue the proposed Second Amended Complaint is futile because Plaintiff has not stated facts showing it plausible that he was damaged by the statements, thereby failing to state a claim upon which relief can be granted. Plaintiff disagrees, asserting he has met the notice-pleading requirement. The Court rejects Defendants' argument. Plaintiff includes the same language in the Second Amended Complaint as in the original and First Amended Complaints, i.e. that the allegedly defamatory statements "resulted in harm to Mr. Gilmore's reputation and other damages to Mr. Gilmore."[33] The only difference is that Plaintiff seeks to add two Defendants to the defamation claim in this iteration of his complaint, which he previously asserted only as to L. D. Drilling and Mark Davis. Defendants did not seek dismissal of the defamation claim pursuant to Fed. R. Civ. P. 12(b)(6) within the time allotted for such motion,[34] nor did they file a motion seeking a more definite statement of Plaintiff's alleged damages.

In defamation claims, courts in this district find the rule for pleading damages is "a relatively liberal standard which may be satisfied if a complaint's allegations are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim."[35] Clearly, Plaintiff has sufficiently alleged damages to apprise Defendants of its claim, as Defendants twice filed answers. Nothing suggests that the new Defendants, who allegedly spoke

---

[33] Complaint (ECF No. 1) at 9; First Amended Complaint (ECF No. 25) at 9.

[34] *See* Scheduling Order (ECF No. 15) at 2 (November 2, 2016 deadline for motion to dismiss). Although the Court gave no such deadline following the First Amended Complaint, Defendants filed an answer and did not file a motion to dismiss.

[35] *Energy Consumption Auditing Servs., LLC v. Brightergy, LLC*, 49 F. Supp. 3d 890, 905 (D. Kan. 2014) (internal quotations omitted).

the words at issue, will find the allegations so indefinite as to prevent them from preparing a responsive pleading and a defense to the defamation claim.

Plaintiffs' proposed Second Amended Complaint is not futile for failure to sufficiently state a claim for defamation.

**Conclusion**

For the reasons discussed above, the Court finds no basis to deny Plaintiff leave to file his Second Amended Complaint, and further finds justice requires that Plaintiff be afforded the opportunity to do so.

IT IS THEREFORE ORDERED that Plaintiff Gilmore's Motion for Leave to File Second Amended Complaint (ECF No. 36) is GRANTED.

IT IS FURTHER ORDERED that pursuant to D. Kan. Rule 15.1(b), Plaintiff shall file and serve his Second Amended Complaint on Defendants L.D. Drilling, Inc. and Mark Davis within ten (10) days of the date of this Memorandum and Order, and shall serve summons and Second Amended Complaint on newly added Defendants within thirty (30) days of filing the Second Amended Complaint.

IT IS SO ORDERED.

Dated this 2nd day of May, 2017 at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge