IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY T. GILMORE,                )
                                   )
            Plaintiff,             )
                                   )
v.                                 )    Case No. 16-cv-2416-JAR-TJJ
                                   )
L.D. DRILLING, INC., et al.,       )
                                   )
            Defendants.            )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Jeffrey T. Gilmore's First Motion to Compel Discovery (ECF No. 58). Plaintiff asks the Court to overrule certain objections to requests for production to each Defendant and to an interrogatory posed to Defendant L.D. Drilling, require L.D. Drilling to provide an answer to the interrogatory at issue, and require both Defendants to produce documents responsive to the respective document requests. Defendants oppose the motion. For the reasons set forth below, the Court denies the motion in part and grants it in part.

**I.      Relevant Background**

On February 7, 2017, Plaintiff served each Defendant with his Opening Set of Interrogatories and First Requests for Production of Documents.[1] Defendants served their answers, responses, and objections on March 14, 2017. Three days later, Plaintiff's counsel sent a letter to Defendants' counsel regarding the discovery responses and requesting dates for counsel to meet and confer. Defendants' counsel sent a substantive reply three weeks later, and on April 11, 2017 counsel conferred by telephone. The parties continued to work towards

---

[1] *See* ECF No. 32.

resolving their differences and in the process Defendants supplemented their responses and Plaintiff sought and was granted extensions of time to file the instant motion. While their disputes have been resolved in part, the objections discussed below remain at issue.

Plaintiff timely filed the instant motion and contends that counsel complied with the requirements of D. Kan. Rule 37.2. Defendant does not disagree. The Court finds that Plaintiff's counsel made a reasonable attempt to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II.     Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[2]

Considerations of both relevance and proportionality now govern the scope of discovery.[3] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[4] Information still "need not be admissible in evidence to be discoverable."[5] The amendment

---

[2] *Fed. R. Civ. P. 26(b)(1).*

[3] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[5] Fed. R. Civ. P. 26(b)(1).

deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[6]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[7] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[8] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[9] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[10] Relevancy determinations are generally made on a case-by-case basis.[11]

### III. Analysis

---

[6] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[7] *Id.*

[8] *Id.*

[9] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[10] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[11] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

Plaintiff raises issues with respect to each Defendant's objections to certain interrogatories and document requests. The Court considers each in turn.[12]

### A. RFP No. 26 to Defendant L.D. Drilling

Plaintiff requests in his motion that the Court require Defendant L.D. Drilling to produce the documents requested in RFP No. 26. Defendant L.D. Drilling contends the information contained in the documents at issue is not relevant to any claim or defense in this action, and that Plaintiff misconstrues Defendant's contentions with respect to the costs it allegedly incurred as a result of Plaintiff's conduct. The RFP and Defendant's response are as follows:

> 26. Each document explaining, outlining, or summarizing the cost and expenses related to each oil or gas well Defendant L.D. Drilling drilled between January 1, 2016 and June 1, 2016.
>
> Response: Objection. Relevance. A statement of the costs and expenses related to each oil or gas well drilled by L.D. Drilling between January 1, 2016 and June 1, 2016 is unrelated to any claim or defense stated in this action. Furthermore, the documents contain confidential and private information which, if disclosed, could cause L.D. Drilling, Mr. Davis, and others annoyance, embarrassment, oppression, or undue burden or expense. Accordingly, defendant L.D. Drilling objects to disclosing these documents. If Mr. Gilmore could articulate the relevance of this information and focus the scope of this request, L.D. Drilling would reconsider its objection.

In counsel's golden rule letter, Plaintiff provided the same explanation of relevance as is contained in his motion. According to Plaintiff, he is entitled to prove that L.D. Drilling's assertion that Plaintiff was late in delivering pipe to a well is pretext, and that because L.D. Drilling asserts Plaintiff's conduct resulted in increased costs, Plaintiff is entitled to discover the

---

[12] In his motion, Plaintiff also asks the Court to find that Defendants waived their objections by failing to serve them within 30 days as required by Fed. R. Civ. P. 33 and 34. Defendants explain the delay was caused by a calendaring error and retroactively seek leave to serve their discovery responses out of time. Plaintiff does not object. The Court grants Defendants' request and considers Plaintiff's request for waiver withdrawn.

costs associated with the well in question and other wells.[13]  In response, Defendant agreed to and did supplement its response by producing the billing records L.D. Drilling submitted for January 2016 for the well in question, Riebel #1-9, but declined to provide costs and expenses for other wells.[14]

Plaintiff argues he is entitled to discover L.D. Drilling's costs for other wells (1) to see if the costs are in line with other wells drilled by L.D. Drilling in a six-month time period, and (2) to demonstrate what costs are generally associated with the drilling of a well "so as to enable the parties, and a jury, to determine whether or not Defendants' justifications were authentic or an after-the-fact rationalization to conceal its true discriminatory motivations."[15]  The Court does not find Plaintiff's argument compelling.  As Defendant points out, the fact that pipe was delivered late to the well is not material.  Many legitimate reasons exist for late delivery of materials to a drilling site (such as the availability of materials, mechanical issues with delivery trucks, distance of travel and road conditions), but Defendants contend Plaintiff initially refused to deliver the materials because he had been consuming alcoholic beverages while he was on call for deliveries.  Thus, the reason for the late delivery, not the costs associated with it, is material to Defendant's defense.  The relative cost of other drilling operations sheds no light on whether Plaintiff's reason for a late delivery was legitimate.

Moreover, the Court accepts Defendant's argument that costs associated with drilling wells vary widely because of factors other than delayed delivery of materials, such as the depth of the well, the sub-surface strata to be penetrated by drilling operations, the remoteness of the

---

[13] *See* ECF No. 59-3 at 2.

[14] *See* ECF No. 59-4 at 2.

[15] ECF No. 59 at 5.

drill site, the different types and amounts of materials required, and the competing demands for materials by other drilling operations.[16] Plaintiff offers nothing more than a conclusory assertion that information concerning costs to drill other wells is likely to lead to the discovery of admissible evidence.

The relevancy of RFP No. 26 is not apparent on its face, nor does Plaintiff meet his burden to demonstrate how information related to other wells is relevant to the claims or defenses in this case. Accordingly, the Court denies Plaintiff's motion with respect to RFP No. 26 to Defendant L.D. Drilling.

### B. Interrogatory No. 2 to Defendant L.D. Drilling

In response to Interrogatory No. 2, L.D. Drilling initially posed an objection and offered no answer. Following counsel's exchanges regarding the objection, Plaintiff agreed to narrow the scope of the interrogatory. As originally written, Interrogatory No. 2 seeks and L.D. Drilling responded as follows:

> 2. Identify each individual, other than Defendant L.D. Drilling's attorneys, with whom any agent or employee of Defendant L.D. Drilling has communicated . . . regarding Plaintiff's termination from employment [by] Defendant L.D. Drilling.
>
> Response: Objection. It would be impossible for L.D. Drilling to identify every conversation by "any agent or employee" of L.D. Drilling regarding L.D. Drilling's termination of Mr. Gilmore's employment. The discovery request, as stated, would cause L.D. Drilling undue burden or expense. Accordingly, L.D. Drilling objects to this request. If Mr. Gilmore would reconsider and restate the scope of his request, L.D. Drilling would reconsider its objection.[17]

---

[16] ECF No. 63 at 3.

[17] ECF No. 59-2 at 2.

In his golden rule letter, Plaintiff agreed to replace "any agent or employee" with the names of eight employees plus "all other employees who work in an administrative role."[18] In response, Defendant offered to supplement its answer if the interrogatory were limited to (1) the eight named employees and (2) conversations those employees had in their capacity as employees or agents of L.D. Drilling.[19] Counsel further discussed the issue and L.D. Drilling provided a supplemental response which identified four persons who had authority to speak to third parties on the company's behalf regarding the termination of Plaintiff's employment, and identified the third parties with whom they spoke.[20] Neither counsel's correspondence nor the briefing on this motion reveals why L.D. Drilling's supplemental response included only four persons, when defense counsel earlier offered to provide information with respect to eight individuals.[21]

Plaintiff explains that in agreeing to modify the interrogatory, he narrowed it to include individuals identified by L.D. Drilling in its position statement to the Equal Employment Opportunity Commission as well as all other individuals who work for L.D. Drilling in an

---

[18] *See* ECF No. 59-3 at 3. In defending his original interrogatory which demanded information about *every* employee of L.D. Drilling, Plaintiff challenged Defendant's assertion that it would be impossible to ascertain which employees had conversations about Plaintiff's termination. Plaintiff argued it would not be impossible because "Defendant only employs 25-50 people." Plaintiff's argument displays a lack of reasonableness and proportionality, which Plaintiff effectively concedes by modifying the interrogatory as set forth in his golden rule letter.

[19] *See* ECF No. 59-4 at 1.

[20] *See id.* at 4-5.

[21] The Court notes that L.D. Drilling provided the information in the form of a supplemental response email from its counsel, which does not comply with the requirements of Fed. R. Civ. P. 33(b)(1) or (b)(3).

7

administrative role.[22] The Court finds that, as narrowed, Plaintiff seeks relevant information. Defendant offers no explanation to support its objection that answering would cause L.D. Drilling to incur undue burden or expense. Accordingly, the Court overrules the objection and grants Plaintiff's motion with respect to Interrogatory No. 2 to L.D. Drilling as modified.

### C. RFP No. 3 to Defendant Mark Davis

Plaintiff seeks to compel Defendant Mark Davis to produce his cellular phone records from January 1, 2016 to the present, including "statistics and details for voice, text messaging, and data usage."[23] Mr. Davis objected, arguing the records have no relevance to the parties' claims and defenses, and further stating that "the scope of the inquiry would include many private and personal contacts unrelated to this lawsuit which, if disclosed, could cause Mr. Davis annoyance, embarrassment, oppression, or undue burden or expense."[24]

In his golden rule letter, Plaintiff did not offer to narrow the request. Instead, he explained that because his complaint alleges L.D. Drilling hired Randy Mitchell as his replacement and Messrs. Mitchell and Davis were friends, communications between the pair are directly relevant to his claims. He also contends he is entitled to know to whom Mr. Davis spoke from January 1, 2016 to present because his complaint includes a claim for defamation against Mr. Davis.[25] In emails responsive to the golden rule letter, counsel maintains Mr. Davis's

---

[22] ECF No. 59 at 6 (Plaintiff's golden rule letter).

[23] ECF No. 59-5 at 2.

[24] *Id.* Mr. Davis also offered to reconsider his objection if Plaintiff would modify the scope of the request in time and subject.

[25] ECF No. 59-3 at 2.

objection to this RFP and adds an additional objection of overbreadth.[26]

Plaintiff's motion merely repeats the explanation provided in his golden rule letter, asserts the time frame is reasonable and the information is reasonably accessible to Mr. Davis, and asserts any confidential or sensitive information would be protected by the Protective Order entered in this case. The Court rejects Plaintiff's assertions. On its face, the RFP is overbroad in time and in scope. It seeks all of Mr. Davis's personal communications with every person, which clearly would encompass wholly irrelevant information. Finally, the request is not proportional to the needs of the case. The Court denies Plaintiff's motion with respect to RFP No. 3 to Defendant Mark Davis.

**IT IS THEREFORE ORDERED THAT** Plaintiff Jeffrey T. Gilmore's First Motion to Compel Discovery (ECF No. 58) is **DENIED IN PART** and **GRANTED IN PART.** The motion is **DENIED** with respect to Request for Production No. 26 to Defendant L.D. Drilling and Request for Production No. 3 to Defendant Mark Davis. The motion is **GRANTED** with respect to Interrogatory No. 2 to Defendant L.D. Drilling, as narrowed. **Within seven days of the date of this order,** Defendant L.D. Drilling shall serve on Plaintiff its answer to Interrogatory No. 2.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[26] *See* ECF No. 59-4 at 2, 5.