TRIPLETT WOOLF GARRETSON, LLC
2959 NORTH ROCK ROAD, SUITE 300
WICHITA, KS 67226
Telephone:	316.630.8100
Facsimile:	316.630.8101
www.twgfirm.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY T. GILMORE, | ] |
| Plaintiff, | ] |
| -vs- | ]  Case No.  2:16-CV-2416-JAR-TJJ |
| L.D. DRILLING, INC., *et al*., | ] |
| Defendant. | ] |

# DEFENDANT SUSAN SCHNEWEIS' AND DEFENDANT RASHELL PATTEN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants SUSAN SCHNEWEIS and RASHELL PATTEN, through their lawyers, Eric B. Metz, Derek S. Casey, and Shane A. Rosson, of TRIPLETT WOOLF GARRETSON, LLC, move the court to dismiss plaintiff's second amended complaint as directed against them. In support of their motion, Ms. Schneweis and Ms. Patten state:

1.	Plaintiff has filed and served a second amended complaint. *See generally* ECF No. 60-1. In his complaint, plaintiff asserts three claims, designated as Counts I, II, and III. *Id*. at 7-10, ¶¶44-70. In Count I and Count II, plaintiff alleges that defendant L.D. Drilling, Inc. engaged in unlawful employment acts in violation of federal employment law. *Id*. at 7-9, ¶¶44-58. There are no allegations stated against Ms. Schneweis or Ms. Patten in Count I or Count II. *Id*. Plaintiff's

claims against Ms. Schneweis and Ms. Patten are contained in Count III, which is entitled "Defamation against All Defendants." *Id.* at 9-10, ¶¶59-70.

2. There are four elements to a defamation claim: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) proof of actual harm. *See generally* PIK-Civ 4th 127.51 (Kan. Jud. Council 2016) (essential elements); *Dominguez v. Davidson*, 266 Kan. 926, 930-31, 9784 P.2d 112 (1999) (same); *Woodmont Corp. v. Rockwood Center Partnership*, 811 F. Supp. 1478, 1480-82 (D. Kan. 1993), *citing Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347-48, 94 S. Ct. 2997, 41 L.Ed.2d 789 (1974) (essential elements and noting that defamation requires a showing of fault); *Energy Consumption Auditing Services, LLC v. Brightenergy, LLC*, 49 F.Supp.3d 890, 901 (D. Kan. 2014) (statement of same elements under Missouri law); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1183 (10th Cir. 2007) (same under Colorado law).

3. Ms. Schneweis and Ms. Patten move the court to dismiss plaintiff's second amended complaint because plaintiff has failed to state a plausible claim for defamation. Fed. R. Civ. P. 12(b)(6); *Kansas v. U.S.*, 171 F.Supp.3d 1145, 1166 (D. Kan. 2016). "To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citations and internal quotations omitted.) This standard applies particularly to defamation claims. *See, e.g., Shay v. Walters*, 702 F.3d 76 (1st Cir. 2012) (conclusory allegations not plausible to support defamation); *Phelps v. Powers*, 5 F.Supp.3d 1036, 1045 (S.D. Iowa 2013) (motion to dismiss granted due to plaintiff's failure to identify recipient).

4. <u>The Defamatory Statements</u>: The first element of a defamation claim is a defamatory statement concerning another. In Count III, plaintiff alleges that Ms. Schneweis and Ms. Patten made two defamatory statements about the plaintiff: (1) Plaintiff consumed alcohol

while on duty as an employee for L.D. Drilling and (2) Plaintiff may lose his commercial drivers' license (which was required for his employment with L.D. Drilling) because he would not take prescribed medications relating to diabetes. ECF No. 60-1 at 9-10, ¶62-65. "The question of whether the challenged statement is capable of conveying a defamatory meaning is the responsibility of the court." *Woodmont Corp.*, 811 F. Supp. at 1481. "A statement is defamatory if it tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinion against him." *Id*. "The usual test applied to determine the meaning of a defamatory utterance is whether it was reasonably understood by the recipient of the communication to have been intended in the defamatory sense." *Id., quoting White v. Fraternal Order of Police*, 909 F.2d 512, 519 (D.C.Cir. 1990). Plaintiff has failed to state any plausible facts to show that these statements are defamatory. Lacking these plausible facts, plaintiff's Count III, as stated against Ms. Schneweis and Ms. Patten, fails as a matter of law. The court should dismiss plaintiff's second amended complaint against Ms. Schneweis and Ms. Patten.

5. <u>Publication to a Third Party – Unidentified Third Parties</u>: An essential element of plaintiff's defamation claim is that the allegedly false statements were published to a third party. *Woodmont Corp.*, 811 F. Supp. 1478, 1480, *citing Batt v. Globe Engineering Co.*, 13 Kan.App.2d 500, 504, 774 P.2d 371, *rev. denied*, 245 Kan. 782 (1989). Plaintiff alleges that Ms. Schneweis and Ms. Patten made defamatory statements to unidentified third parties regarding plaintiff's consumption of alcohol while on duty. ECF No. 60-1 at 9, ¶62. This allegation is insufficient to state a plausible claim for relief. *Phelps*, 5 F.Supp.3d at 1045 (motion to dismiss granted due to plaintiff's failure to identify recipient). Accordingly, the court should dismiss plaintiff's claims stated in Count III based upon the allegations in Paragraph 62.

6. <u>Publication to a Third-Party – Statements Made in Connection with an Application for Unemployment Benefits</u>: Plaintiff alleges that Ms. Schneweis and Ms. Patten made defamatory statements in connection with plaintiff's application for unemployment benefits. ECF No. 60-1 at 9-10, ¶¶62-64. *See also Id*. at 6, ¶¶36-40 (facts relating to statements by Ms. Schneweis to Kansas Department of Labor in response to plaintiff's application for unemployment benefits). Statements made in connection with an application for unemployment benefits are absolutely privileged. *Wilkinson v. Shoney's, Inc*., 269 Kan. 194, 226, 4 P.3d 1149 (2000) (any statements "made in connection with the proceedings" are privileged); *Ellis v. Isoray Medical, Inc.*, Case No. 08-2101-CM, 2008 WL 3915097 (D. Kan. slip op. *filed* Aug. 22, 2008). This privilege is absolute, and grants complete immunity against civil liability for any allegedly defamatory statements made in connection with the proceedings before the Kansas Department of Labor. *Bradford v. Mahan*, 219 Kan. 450, 454, 548 P.2d 1223 (1976). This court has previously determined that the alleged statements were relevant to plaintiff's claim for unemployment benefits and within the scope of the privilege. ECF No. 50 at 5-7. These statements, as a matter of law, cannot form the basis of a claim for relief. For these reasons, the court should dismiss plaintiff's second amended complaint against Ms. Schneweis and Ms. Patten based upon the allegations stated in Paragraphs 36-40 and 63-65. *See also* ECF No. 57 at 2-4, ¶1 (same arguments asserted by defendants L.D. Drilling and Mark Davis in objecting to the magistrate's order).

7. <u>Fault</u>: The court should dismiss plaintiff's second amended complaint because plaintiff has failed to state plausible facts showing Ms. Schneweis or Ms. Patten were at fault in making the allegedly defamatory statements. It is well established that a state cannot impose liability for defamation without a showing of fault. *Woodmont Corp.*, 811 F. Supp. at 1482. There is no allegation of fault stated in plaintiff's second amended complaint regarding any defendant in

the making of the allegedly defamatory statements. Lacking such facts, Count III of plaintiff's second amended complaint fails to state a plausible claim for relief against Ms. Schneweis or Ms. Patten. Fed. R. Civ. P. 12(b)(6).

8.   <u>Actual Harm</u>: Plaintiff's Count III alleges that the defamatory statements generally caused harm to plaintiff's "reputation and other damages" without further detail. *Id*. at 10, ¶69. The court should dismiss plaintiff's second amended complaint because plaintiff has failed to state plausible facts showing plaintiff suffered actual damages. Fed. R. Civ. P. 9(g). *Garcia v. Tyson Foods*, 890 F.Supp.2d 1266, 1271-72 (D. Kan. 2012); *Woodmont Corp. v. Rockwood Center Partnership*, 811 F. Supp. 1478, 1484 (D. Kan. 1993). S*ee also Wright v. Bachmurski*, 29 Kan. App. 2d 595, 600, 29 P.3d 979 (2001) (plaintiff must plead and prove actual damages to state a claim for defamation). In *Garcia*, this court dismissed a defamation claim where the plaintiff "merely made the general allegation that defendants' public statements damaged his business reputation." *Id*. Likewise, plaintiff here generally alleges that defendants' statements caused "harm to Mr. Gilmore's reputation and other damages to Mr. Gilmore" without identifying the nature or amount of the harm suffered. ECF No. 60-1 at 10, ¶69. Plaintiff's defamation claim, as stated in Count III, fails as a matter of law. *See also Droge v. Rempel*, 39 Kan. App. 2d 455, 180 P.3d 1094 (2008); *Classic Communications v. Rural Telephone Services*, 995 F.Supp. 1185 (1998); *Fisher v. Lynch*, 571 F.Supp.2d 1230 (D. Kan. 2008); *Ablulimir v. U-Haul Co.*, Case No. 11-4014-EFM, 2011 WL 2731774 (D. Kan. July 13, 2011). The court should dismiss Count III of plaintiff's second amended complaint. *See also* ECF No. 65 at 2, ¶3 (motion to dismiss filed by L.D. Drilling and Mark Davis asserting the same argument); ECF No. 76 (supplemental authority submitted by L.D. Drilling and Mark Davis in support of their motion to dismiss).

FOR THESE REASONS the court should dismiss plaintiff's second amended complaint.

**CERTIFICATE OF SERVICE**

I certify, pursuant to D. Kan. Rule 5.4.9, that service of this document was accomplished through the Notice of Electronic Filing for parties and attorneys who are filing users in this case.

DATED: July 7, 2017.

                                                          Respectfully submitted,

                                                          TRIPLETT WOOLF GARRETSON, LLC

                                                          /s/Derek S. Casey
                                                          Eric B. Metz, #10746
                                                          ebmetz@twgfirm.com
                                                          Derek S. Casey, #15125
                                                          dscasey@twgfirm.com
                                                          Shane A. Rosson, #24408
                                                          sarosson@twgfirm.com

                                                          *Attorneys for Defendants*