## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEFFREY T. GILMORE,           )
                                      )
                 Plaintiff,     )
                                        )
v.                                  )          Case No. 16-cv-2416-JAR-TJJ
                                        )
L.D. DRILLING, INC., et al.,      )
                                      )
                 Defendants.   )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants L.D. Drilling, Inc. and Mark Davis' First Motion to Compel Discovery (ECF No. 79). Defendants ask the Court to compel Plaintiff to produce documents responsive to request number five of their First Request for Production of Documents. Plaintiff opposes the motion. For the reasons set forth below, the Court denies the motion.

### I.      Relevant Background

On March 23, 2017, L.D. Drilling and Mark Davis served their First Request for Production of Documents to Plaintiff.[1] Plaintiff served his responses and objections on April 24, 2017. On May 9, 2017, Defendants' counsel sent a letter to Plaintiff's counsel explaining his theory of the relevance of RFP No. 5 and offering to narrow the request. Plaintiff's counsel responded by letter ten days later, indicating Plaintiff was standing by his objection and further explaining it. Counsel spoke by telephone on May 23, 2017, and Plaintiff's counsel agreed to speak with his client about the issue. On June 7, 2017, Plaintiff's counsel sent an email with

---

[1] *See* ECF No. 79-1.

supplemental responses to other document requests, and a statement that Plaintiff intended to stand on his objection to RFP No. 5.

Defendants timely filed the instant motion.  Although the motion does not address compliance with the requirements of D. Kan. Rule 37.2, the Court finds that Defendants' counsel made a reasonable attempt to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II.    Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery.  As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[2]

Considerations of both relevance and proportionality now govern the scope of discovery.[3] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[4] Information still "need not be admissible in evidence to be discoverable."[5]  The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase,

---

[2] *Fed. R. Civ. P. 26(b)(1).*

[3] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[5] Fed. R. Civ. P. 26(b)(1).

however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[6]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[7]  Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations.  If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[8]  In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[9]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[10]  Relevancy determinations are generally made on a case-by-case basis.[11]

## III.    Analysis

Defendants request in their motion that the Court require Plaintiff to produce the

---

[6] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[7] *Id.*

[8] *Id.*

[9] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[10] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[11] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

documents requested in RFP No. 5.  Plaintiff contends the request is objectionable in several

ways.  The RFP and Plaintiff's response are as follows:

> 5.      Produce your bank records and credit card statements during the last four
> years of your employment with Defendant L.D. Drilling, Inc. that in any way
> reflect purchases at locations that sell alcohol.
>
> Response:      Plaintiff objects to this request because it is overly broad, unduly
> burdensome, not properly limited in time and scope, vague and ambiguous, and lacks
> particularity in its use of the phrase "that in any way reflect purchases at locations
> that sell alcohol," requiring speculation and conjecture as to what information is
> being sought. Further, this request is designed only to embarrass, harass, and annoy
> Plaintiff and is not likely to lead to the discovery of admissible evidence as whether
> Plaintiff made a purchase at a location that sells alcohol is not likely to prove or
> disprove whether or not Plaintiff consumed alcohol while working.[12]

On its face, RFP No. 5 appears to be overbroad and not properly limited in time and

scope.  However, Defendants do not address those objections, nor do they discuss

proportionality.  Instead, Defendants mention relevancy only, suggesting the request is relevant

to Plaintiff's defamation claim because it goes to the factual issue of whether Plaintiff drank on

the job.  Defendants' motion contains a single sentence in support of their argument that RFP

No. 5 is relevant:  "Documentary evidence showing where Plaintiff may have purchased alcohol,

the amount of alcohol purchased, and the frequency with which he purchased it bears on claims

in this case or, at a minimum, could lead to other information that bears on the claims."[13]

Plaintiff contends the mere fact that Plaintiff purchased alcohol at any time and in any

quantity has no bearing on when, where, or by whom such alcohol was consumed.  Plaintiff

asserts Defendants' request is designed to embarrass, harass, and annoy him by forcing him to

reveal all bank and credit card statements showing mere purchases at places that may sell alcohol

over a period of four years.

---

[12] ECF No. 79-2 at 3.

[13] ECF No. 79 at 4.

Although Defendants note that during their conferral with Plaintiff concerning this request, counsel had offered to narrow its scope, the motion asks the Court to order Plaintiff to respond to the request as written. Defendants filed no reply in support of their motion, thereby leaving completely unaddressed the issue of proportionality and Plaintiff's objections.

The Court sustains Plaintiff's objections to RFP No. 5. The request is facially overbroad, unduly burdensome, and not properly limited in time or scope. As for proportionality, clearly the embarrassment, harassment and annoyance of the request outweigh any potential relevance.

## IV.    Sanctions

Rule 37(a)(5)(B) provides that if a motion to compel is denied, the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party who opposed the motion its reasonable expenses and attorney's fees incurred in making the motion.[14] The court must not order payment, however, if the motion was substantially justified or if other circumstances make an award of expenses unjust.[15] The Court finds that Defendants' motion was not substantially justified, and no circumstances exist which would make an award unjust. Defendants filed no reply in support of their motion, thereby foregoing an opportunity to offer further justification for the request at issue. Accordingly, no later than **August 11, 2017**, Plaintiff shall file a motion setting forth the amount he requests, along with an affidavit itemizing the reasonable expenses and attorney's fees he incurred in opposing the instant motion. Defendants shall have until **August 25, 2017** to file a response thereto. The Court will thereafter enter an order specifying the amount of the award and the time of payment.

---

[14] Fed. R. Civ. P. 37(a)(5)(B).

[15] *Id.*

**IT IS THEREFORE ORDERED THAT** Defendants L.D. Drilling, Inc. and Mark Davis' First Motion to Compel Discovery (ECF No. 79) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 21st day of July, 2017, at Kansas City, Kansas.

_s/ Teresa J. James_
Teresa J. James
U.S. Magistrate Judge