# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEFFREY T. GILMORE,

     Plaintiff,

     v.                                     Case No. 16-2416-JAR-TJJ

L.D. DRILLING, INC., et al.,

     Defendants.

## MEMORANDUM AND ORDER

Plaintiff Jeffrey Gilmore alleges both federal and state law claims against Defendants L.D. Drilling, Inc. and Mark Davis, including that he was not paid for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  The Court approved the parties' settlement of Plaintiff's FLSA claim as stated in Plaintiff's Complaint.  Counts I and II of the Complaint assert claims that L.D. Drilling violated the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"); Count III asserts a claim of defamation against L.D. Drilling and Mark Davis.  Over Defendants' objection that such an amendment would be futile, Magistrate Judge Teresa J. James granted Plaintiff leave to file a second amended complaint naming Susan Schnewies and Rashell Patten, employees of L.D. Drilling, as defendants in the defamation claim.[1]  This matter is before the Court on Defendants L.D. Drilling, Inc. and Mark Davis's Motion to Review the Magistrate's Order Granting Plaintiff Leave to File Second Amended Complaint (Doc. 57); Defendants L.D. Drilling, Inc. and Mark Davis's Motion to Dismiss Count III of Plaintiff's Second Amended Complaint (Doc. 65); and Defendants Schneweis and Patten's Motion to Dismiss Plaintiff's Second Amended Complaint

---

[1] Docs. 50, 60.

(Doc. 85).  For the reasons explained fully below, the Court grants in part Defendants' motions to dismiss, with leave to amend, and denies as moot the motion to review the Magistrate Judge's order granting leave to amend.

## I.  Standards

### Rule 72(a)

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to a magistrate judge's non-dispositive order.  The court does not conduct a *de novo* review; rather, the court applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."[2]  The court must affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[3]  A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[4]

### Rule 12(b)(6)

Defendants move for dismissal of the defamation claim in Count III of  the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  In order to pass muster under Rule 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[5]  The plausibility standard does not require a showing of probability that a

---

[2]*First Union Mortg. Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a)).

[3]*Ocelot Oil,* 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)); *see Smith v. MCI Telecomm. Corp.,* 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for clear abuse of discretion).

[4]*Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.,* No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011) (quotation omitted).

[5]*Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).

defendant has acted unlawfully, but requires more than "a sheer possibility."[6]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[7]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[9]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[10]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

The Court will first address Defendants' motion to dismiss Count III of the Second Amended Complaint, as a favorable ruling will render the motion to review Judge James's order granting leave to amend moot.

---

[6]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[8]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[9]*Id.*

[10]*Id.* at 679.

[11]*Id.*

[12]*Id.* at 678.

## II.    Background

The following facts are drawn from Plaintiff's Second Amended Complaint; the well pleaded facts alleged therein are assumed to be true, as required on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[13]

On May 23, 2016, Plaintiff was summoned into L.D. Drilling's offices where he was met by the late L.D. Davis, Marilyn Davis, and Mark Davis.  Mark Davis informed Plaintiff that he was being fired because of "health issues."

After he was terminated, Plaintiff filed a claim with the Kansas Department of Labor ("KDOL") for unemployment benefits.  L.D. Drilling opposed Plaintiff's claim.  Rashell Patten and Susan Schneweis, employees of L.D. Drilling, had telephone conversations with the KDOL and submitted documents regarding Plaintiff's claim.  On a form signed by Schneweis on June 7, 2016, she stated on behalf of L.D. Drilling that Plaintiff was terminated because he was "[c]lose to being a diabetic—couldn't do duty."[14]  Patten made the statement to Schneweis that Plaintiff was close to being diabetic and would likely lose his Commercial Driving License because he refused to take his diabetic medication.  Patten also stated to Schneweis that Plaintiff had been drinking on the job.

After Plaintiff was terminated, Mark Davis called another oil and gas company L.D. Drilling did business with and stated or implied that equipment Plaintiff was responsible for was missing.  Plaintiff further alleges Davis, Schneweis, Patten, or other agents of L.D. Drilling published comments to third parties that stated or implied that Plaintiff had consumed alcohol while on duty during his time working for L.D. Drilling.

---

[13]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

[14]Doc. 60 ¶ 65.

After Plaintiff brought a claim for disability and age discrimination, L.D. Drilling changed its position and now alleges the statement about Plaintiff being close to diabetic was not made on its behalf, but instead was the personal statement of Patten and Schneweis.  This statement was made not only to the KDOL, but also between Patten and Schneweis and other individuals working at L.D. Drilling.  Plaintiff asserts this is evident because the first reason Plaintiff was given for his termination was because of his "health issues."

## III.   Discussion

In Kansas, defamation has three basic elements:  (1) false and defamatory words; (2) communicated to a third person; and (3) which resulted in harm to the reputation of the person defamed.[15]  Defendants L.D. Drilling and Davis contend that Plaintiff did not sufficiently plead damages to his reputation and that statements made by Patten and Schneweis to the Department of Labor are absolutely privileged.  Defendants Patten and Schneweis additionally argue that the statements were not defamatory, that Plaintiff did not identify the recipient of each defamatory statement, and that Plaintiff did not plead facts demonstrating Patten and Schneweis were at fault in making defamatory statements.

### A.  Absolute Immunity

Plaintiff claims that he was defamed by Schneweis and L.D. Drilling in their response to his application for unemployment benefits to the KDOL.  Plaintiff alleges that Schneweis submitted a written statement to the KDOL stating that L.D. Drilling terminated his employment because Plaintiff was "[c]lose to being a diabetic" and he "couldn't do his duty."  Plaintiff alleges that this statement was made by Schneweis, as an agent of L.D. Drilling, on the KDOL "Employer Notice" form to dispute Plaintiff's application for unemployment benefits.

---

[15]*Hall v. Kan. Farm Bureau,* 50 P.3d 495, 504 (Kan. 2002); *Byers v. Snyder,* 237 P.3d 1258, 1270 (Kan. Ct. App. 2010) (citation omitted).

Defendants argue the statement to the KDOL is absolutely privileged because it was made in a quasi-judicial proceeding.

It is well settled that Kansas law recognizes an absolute privilege for communications or statements given in the course of, and relevant to, quasi-judicial proceedings.[16] A "quasi-judicial proceeding" is a proceeding before an administrative body whose function is to investigate facts, weigh evidence, draw conclusions as a basis for official actions, and exercise discretion of a judicial nature.[17] Plaintiff does not dispute that the statement given to the KDOL was made in connection with his application for unemployment benefits, but urges that he may still maintain a claim for defamation based on the statements he alleges were made between Patten and Schneweis, and by the women to Mark Davis. Thus, there is no serious question that the statement made to the KDOL is absolutely privileged under Kansas law, and Defendants' motion to dismiss is granted with respect to this statement only.[18]

### B. Plausible Claim

Defendants urge the Court to dismiss the remaining statements in Count III because Plaintiff fails to identify the third-party recipients for the statements made by Defendants, lacks any facts to show the statements were false and defamatory, and omits any evidence of actual

---

[16]*Clear Water Truck Co. v. M. Bruenger & Co.,* 519 P.2d 682, 686 (Kan. 1974) ("[i]n this jurisdiction, if a statement or communication, given in the course of a judicial proceeding, is relevant to the issue involved therein it is privileged whether it be the testimony of a party or an affidavit filed in the proceedings.").

[17]*Id.* at 685.

[18] Plaintiff contends that the absolute privilege should not apply to the KDOL statement because Defendant L.D. Drilling alleges the statement was the personal statement of Schneweis and not L.D. Drilling. The cases cited by Defendants do not support any such exception to the absolute privilege afforded by Kansas law. *See Polson v. Davis*, 635 F. Supp. 1130, 1148 (D. Kan. 1986) (concluding the defendant's statements were not privileged because the "did not take place in a legislative, executive, or judicial proceeding."); *Eastman v. Union Pac. R. Co.,* 493 F.3d 1151, 1156–57 (10th Cir. 2007) (citing *New Hampshire v. Maine,* 532 U.S. 742, 749–50 (2001) (addressing judicial estoppel)). Without any precedent, the Court declines to adopt such an exception that seemingly undermines the core purpose of the privilege. *See Clear Water Truck,* 519 P.2d at 686 (explaining the privilege exists "to encourage use of courts for settlement of disputes and to facilitate the search for justice.") (quotation omitted).

harm that he suffered.  Plaintiff argues that the Amended Complaint is sufficient to present a plausible claim of defamation under Kansas law.

In a federal diversity case, the sufficiency of a complaint alleging defamation under Kansas law is judged under Fed. R. Civ. P. 8(a).[19]  Under Rule 8(a), a claim of defamation complies with pleading requirements when it supplies "sufficient notice of the communications complained of to allow [the defendant] to defend itself."[20]  Rule 8, however, "does not require 'detailed factual allegations.'"[21]  Nevertheless, the Court concludes that Plaintiff's allegations are insufficient in part.

Plaintiff alleges that Defendants made false and defamatory statements: the Amended Complaint alleges that Defendants made multiple statements that were false and defamatory.  Six subparagraphs identify the content of the false statements.[22]  Kansas law also requires Plaintiff to allege that Defendants communicated the statements to third parties:  Plaintiff alleges that Defendants communicated the false statements to "an employee of a company with which Defendant L.D. Drilling did business," and other unidentified "third parties."[23]  Although the allegedly defamatory statements are listed, the allegation does not identify with necessary specificity to whom the statements were made.  Because this deficiency is procedural, not substantive, Plaintiff is permitted to amend his Complaint to allege additional facts with respect to his defamation allegation, specifically the identity of the third parties to whom the allegedly defamatory statements were made.

---

[19]*Bushnell Corp. v. ITT Corp.,* 973 F. Supp. 1276, 1287 (D. Kan. 1997) (citing *McGeorge v. Continental Airlines, Inc.,* 871 F.2d 952, 955 (10th Cir. 1989) ).

[20]*Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1266, 1270 (D. Kan. 2012) (citations omitted).

[21]*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[22]Doc. 69 ¶¶ 60–65.

[23]*Id.*

Defendants further argue that the complaint does not sufficiently allege special damages. The Second Amended Complaint alleges the statements made by Defendants "resulted in harm to [Plaintiff's] reputation and other damages to [him]."[24]  Plaintiff argues the allegation is sufficient, as the alleged statements constitute defamation *per se*.

Fed. R. Civ. P. 9(g) provides that "[w]hen items of special damages are claimed, they shall be specifically stated."  Under Kansas law, damages recoverable for defamation may not be presumed.[25]  Thus, Plaintiff must show special damages unless he claims defamation *per se*.[26] Statements that are defamatory *per se* include statements that impute a plaintiff's unfitness for his trade or profession.[27]  To be actionable, such statements must be of such a character as to disparage plaintiff's pursuit of his business, and statements imputing a single mistake must fairly imply a habitual course of conduct.[28]  Here, the Court cannot conclude as a matter of law that the statements about Plaintiff—that he was drinking on the job, unable to perform his duties, and had stolen equipment— are not defamatory *per se*.  These statements "may be interpreted to suggest incompetence or wrongdoing, which would undermine plaintiff's legal capacity and performance within [his] profession."[29]  Accordingly, the Court denies the motion to dismiss on the ground that the Second Amended Complaint fails to plead special damages.

---

[24]Doc. 60 ¶ 69.

[25]*Gobin v. Globe Publ'g Co.,* 649 P.2d 1239, 1242 (Kan. 1982); *Droge v. Rempel,* 180 P.3d 1094, 1097 (Kan. Ct. App. 2008) (upholding dismissal of action under *Gobin* where plaintiff "never claimed harm to his reputation").

[26]*Heckman v. Zurich Holding Co. of Am.,* No. 06-2435-KHV, 2007 WL 677607, at *7 (D. Kan. Feb. 28, 2007) (citing *Gomez v. Hug,* 645 P.2d 916, 923 (Kan. Ct. App. 1982)).

[27]*Id.*

[28]*Id.* (citing *Woodmont Corp. v. Rockwood Ctr. P'ship,* 811 F. Supp. 1478, 1481 (D. Kan. 1993) (citing *Gomez,* 645 P2d at 923)).

[29]*Id.* at 8.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Dismiss Count III (Docs. 65, 85) are **granted** with respect to the statement made to the Kansas Department of Labor;

**IT IS FURTHER** that Defendants' Motions to Dismiss are **granted in part and denied in part** with respect to sufficiency of Count III; with in fourteen (14) days of the date of this Order, Plaintiff is granted leave to amend his Complaint to identify the third parties to whom the allegedly defamatory statements were made; and

**IT IS FURTHER ORDERED** that Defendants' Motion for Review of Magistrate Judge's Order (Doc. 57) is **denied as moot.**

**IT IS SO ORDERED.**

Dated: November 29, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE